THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SALAZAR,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-306 |
| | § | |
| **BAY, LTD., A BERRY COMPANY,** | § | |
| **BERRY OPERATING COMPANY, LLC,** | § | |
| **SHELL OFFSHORE, INC., ET AL** | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Bay, Ltd., Berry Contracting, LP, and Berry Operating Company, LLC (collectively "Bay") file this Notice of Removal of this action from the County Court at Law No. 4 of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1333, 1441, and 1446, and 43 U.S.C. § 1349.

## I.
### Original State Court Action

1. On November 22, 2022, Plaintiff Christopher Salazar (hereinafter "Plaintiff") commenced an action against Bay and others in the County Court at Law No. 4 of Nueces County, Texas, entitled "*Christopher Salazar v. Shell Offshore, Inc.; Shell USA, Inc.; Chet Morrison Contractors, Inc.; Bay LTD, a Berry Company; Berry Contracting, LP; and Berry Operating Company, LLC*," pending as Cause No. 2022CCV-61486-4. Plaintiff's original petition alleged that he was injured when he fell on an oil platform, namely the West Delta 143 "A" ("Platform"), owned, operated, controlled, repaired, and/or maintained by the Defendants. The Platform is located on the Outer Continental Shelf approximately 45 miles offshore of Grand Isle, Louisiana.

Therefore, this case is removable based on federal question jurisdiction by operation of the Outer Continental Shelf Lands Act ("OCSLA") 43 U.S.C. §1349, and/or the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333.

2. Bay was served with Plaintiff's Original Petition on December 9, 2022. Accordingly, this Notice of Removal is filed within 30 days of receipt of Plaintiff's Original Petition and is thus timely filed. 28 U.S.C. § 1446(b).

## II.
## Grounds for Removal-Federal Question Jurisdiction pursuant to OCSLA

3. Plaintiff alleges that he was working on the Platform when he fell and sustained injuries. Ex. A *Pltf's Orig. Pet* at ¶ 10. Plaintiff alleged he fell as a result of unsecured, uneven, and/or unreasonably dangerous walkways. Ex. A at ¶ 10. The Platform is fixed to the seabed at a location approximately 45 miles offshore of Grand Isle, Louisiana. This location places it on the Outer Continental Shelf. *See* 65 FR 16823-16825; 33 CFR §§ 147.1; 147.10; and 147.807 (USCG establishing safety zones "around seven high-production, manned oil and natural gas platforms on the Outer Continental Shelf in the Gulf of Mexico", including the West Delta 143 Platform).

4. Plaintiff's claims are removable under the OCSLA because the incident in question "arise[s] out of, or [i]s in connection with an operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals of the subsoil and seabed of the Outer Continental Shelf." 43 U.S.C. §1349 (b)(1)(A).

5. The "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) (emphasis in original) (internal citations omitted). Even if cases arising under maritime law are exempted from original question jurisdiction, "OCSLA

2

statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of the decision." *Id.* at 221.

6. The alleged incident occurred while Plaintiff was working on a fixed platform on the Outer Continental Shelf. Ex. A at ¶ 10. The Platform is a "high production oil and gas drilling platform[s] producing from 100,000 to 250,000 barrels of oil per day, and are manned with crews ranging from approximately 130 to 156 people." See 65 FR 16824. Although the petition is silent as to the exact activity in which Plaintiff was engaged while working aboard the Platform, it is certain that Plaintiff's claim arises out of, and/or is in connection with operations involving development or production of the minerals of the subsoil and seabed and OCSLA applies. Thus, this case presents a federal question and removal to this Court is proper.

### III.
### Alternate Basis for Removal- Admiralty Jurisdiction

7. Subject to and without waiving the foregoing basis for removal, and in the alternative, this Court has original jurisdiction over Plaintiff's claims pursuant to admiralty and maritime law. *See* 28 U.S.C. §1333(1); *accord Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013); *Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322, at *2–4 (S.D. Tex. June 18, 2013).

8. As shown above, Plaintiff brings a claim for an alleged maritime tort occurring on the navigable waters of the Outer Continental Shelf. Admiralty jurisdiction flows from the Constitution, which extends federal judicial power "to all cases of admiralty and maritime jurisdiction." *Roth v. Kiewit Offshore Servs.*, 625 F. Supp. 2d 376, 383 (S.D. Tex. 2008) (citing U.S. Const., art. III, § 2). Congress gave the district courts original jurisdiction over any civil case of admiralty and maritime jurisdiction. *See* 28 U.S.C. § 1333(1); *see also Ryan*, 945 F. Supp. 2d at 774; *Roth*, 625 F. Supp. at 383; *Abe's Boat*, 2013 WL 3110322, at *2-4. Plaintiff's allegations

3

entail alleged acts of negligence and premises liability on a platform in navigable waters. If this platform is a vessel, his claims would invoke admiralty jurisdiction. The federal district courts accordingly have original jurisdiction over the claims in this suit.

9. Before January 2012, courts interpreted 28 U.S.C. § 1441(a) to mean that a claim within the admiralty jurisdiction could be removed only when there was a separate basis for federal jurisdiction. But 28 U.S.C. § 1441 was amended in 2011 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63. The 2011 amendment removes the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases. *See Sangha v. Navig8 Shipmanagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) ("[T]he question of subject-matter jurisdiction presented in this case – whether the savings-to-suitors clause of the federal maritime statute prohibits removal of general maritime claims absent an independent basis for federal jurisdiction in light of Congress's December 2011 amendment to the federal removal statute – is not clear."); *see also*, *e.g., Carrigan v. M/V AMC AMBASSADOR*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014) (following *Ryan*); Michael Schwartz, Establishing an Unqualified Standard for Removal Under 28 U.S.C. § 1441: The Propriety of Removing Maritime Cases to Federal Court, 55 Loy. L.A. L. Rev. 36, 37 (2022).

10. Section 1441(a) currently states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, the instant case is removable because Plaintiff asserts general maritime law claims, which are claims within the original jurisdiction of this Court.

65949:46710857

11.     Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Bay may have to Plaintiff's action, jurisdictional or otherwise, Bay removes this action from the County Court at Law No. 4 of Nueces County, Texas, to the United States District Court for the Southern District of Texas – Corpus Christi Division.

## V.
## ADDITIONAL PROCEDURAL MATTERS

**A.     Proper Federal District Court**

12.     The Nueces County Court at Law No. 4 is located within the Southern District of Texas, Corpus Christi Division.  Consequently, pursuant to 28 U.S.C. §§ 1441 and 1446, this action is properly removed to this Court.

**B.     Local Rule 81 Documents**

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judge (if any), a copy of the docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as Exhibit B.

**C.     Consent of all Defendants**

14.     All Defendants (i.e., the Shell and Chet Morrison Construction entities) consent to this removal. See Exhibit C which are the Consents to Removal of the Shell and Chet Morrison Contractors entities.

**D.     Notice**

15.     Upon filing this Notice of Removal, Bay will provide written notification to the Plaintiff and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk for the District Court of Nueces County, Texas, County Court at law No. 4.

65949:46710857

**WHEREFORE**, Bay hereby removes this action to the United States District Court for the Southern District of Texas – Corpus Christi Division.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS, LLP

By: */s/ Christopher A. Lowrance*
Christopher A. Lowrance
State Bar No. 00784502
Federal ID No. 15481
Daniel A. Ruiz
State Bar No. 24128505
Federal ID No. 3690291
802 N. Carancahua, Suite 1300
Corpus Christi, TX 78470
Telephone: (361) 884-8808
Facsimile: (361) 884-7261
Chris.Lowrance@roystonlaw.com
Daniel.Ruiz@roystonlaw.com

**ATTORNEYS FOR DEFENDANTS, BAY, LTD, BERRY CONTRACTING, LP, AND BERRY OPERATING COMPANY, LLC**

**OF COUNSEL:**
**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2022 a true and correct copy of the foregoing was served on the following parties either via the CM/ECF filing system, certified mail, and/or facsimile:

**via ECF**
Nicholas A. Morrow
Daniel E. Sheppard
5151 San Felipe Street
Houston, Texas 77056
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com
*Attorneys for Plaintiff*

                                         */s/ Christopher A. Lowrance*
                                         OF ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP