Filed
11/22/2022 4:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2022CCV-61486-4

CAUSE NO. _____

| | | |
|---|---|---|
| CHRISTOPHER SALAZAR | § | IN THE COUNTY COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | NUECES COUNTY, TEXAS |
| VS. | § | |
| | § | |
| SHELL OFFSHORE, INC; SHELL USA, | § | COUNTY COURT NO. ___ |
| INC, CHET MORRISON CONTRACTORS | § | |
| INC., BAY LTD, A BERRY COMPANY; | § | |
| BERRY CONTRACTING, LP | § | |
| BERRY OPERATING COMPANY, LLC | § | |
| | § | |
| *Defendants* | § | **TRIAL BY JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

1. Comes now Christopher Salazar ("Plaintiff") complaining of Defendants Shell Offshore, Inc., Shell USA, Inc., Chet Morrison Contractors, Inc. Bay Limited, A BERRY Company, Berry Contracting, LP and Berry Operating Company, LLC and would show the following:

### PARTIES

2. Plaintiff is a resident of Texas.

3. Defendant Bay Ltd., A BERRY Company, is a trade name of Berry Contracting, LP, a Texas entity with its principal place of business in this state and may be served with process through its registered agent Berry GP, Inc. at 1414 Valero Way, Corpus Christi, Texas 78409.

4. Defendant Berry Operating Company, LLC is the general partner of Defendants Bay Ltd., A BERRY Company and Berry Contracting, LP, with its principal place of business in this state and may be served with process through it registered agent Berry GP, Inc. at 1414 Valero Way, Corpus Christi, Texas 78409.

# EXHIBIT A

5. Defendant Shell Offshore, Inc. is a foreign entity with its principal place of business in this state and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. Defendant Shell USA, Inc. is a foreign entity with its principal place of business in this state and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

7. Defendant Chet Morrison Contractors, Inc. is a foreign entity doing business in this state and may be served with process through its registered agent Chester F. Morrison, Jr. at 16285 Park Ten Place, Suite 100, Houston, Texas 77084.

## JURISDICTION AND VENUE

8. Damages sought are within the jurisdictional limits of this Court.

9. This Court has jurisdiction and venue is proper in Nueces County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because Defendant(s) have a principal place of business/residence here, all or a substantial part of the events giving rise to the claim occurred here, and/or Plaintiff lives here.

## FACTS

10. On or about August 5, 2022, Plaintiff was working on West Delta 143 "A" platform in the Gulf of Mexico for Gulf Island. Plaintiff was injured when he fell from the West Delta 143 "A" platform owned, operated, controlled, repaired, and/or maintained by Defendants (the "Incident"). At the time of the Incident, the walkways on the West Delta 143 "A" platform were unsecured, uneven, and/or unreasonably dangerous. Plaintiff sustained serious injuries to his back, knees, legs, wrist, and other parts of his body.

11. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendants, their employees, agents, servants and/or employees, including Defendants' "company men", who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

12. Plaintiff would further show that Defendants had custody or control of the platform and were responsible for maintaining the platform in a reasonably safe condition, free form hazards that would expose the Plaintiff to injury.

13. Defendants also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. Defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

## CAUSES OF ACTION: NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENCE PER SE

8. The preceding paragraphs are incorporated herein.

9. As stated above, on or about August 5, 2022, Plaintiff sustained severe and disabling injuries when he fell from the platform. Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their torts, delicts, negligence, gross negligence,

negligence per se, and/or conditions attributable to it, directly and/or vicariously, by and through their agents, servants, representatives and/or employees, in one or more of the following particulars:

a) Failing to maintain the equipment on the platform in a reasonably safe condition;

b) Failing to maintain the walkways and handrails of the platform in a reasonably safe condition;

c) Failing to warn the Plaintiff of the unreasonably dangerous conditions on the platform;

d) Failing to train employees, workers, servants, and/or agents to work on the platform in a safe and prudent manner;

e) Hiring and/or permitting unqualified workers to work on the platform;

f) Cutting back on necessary workers and equipment to save money, making the platform unsafe;

g) Failing to properly equip the platform, making such platform unsafe;

h) Failing to properly staff the platform, making such platform unsafe;

i) *Res ipsa loquitur;*

j) Creating an unsafe condition on the platform;

k) Failing to barricade or otherwise protect workers from falls in the area of the deck where Plaintiff fell;

l) Failing to mark and guard an unsafe condition;

m) Failing to adequately maintain the deck and walkways on the platform;

n) Failing to correct an unsafe condition;

o) Having an unsafe platform and failing to detect and correct unsafe conditions;

p) Failure to properly supervise and train their employees and crew;

q) Failure to provide adequate safety equipment;

r) Failure to provide appropriate medical treatment;

s) Failure to maintain the platform;

t) Vicariously liable for their employees', agents', and/or servants' negligence;

u) Violating applicable OSHA and/or BSEE and/or other applicable standards;

v) Failure to maintain a safe work environment;

w) Other acts so deemed negligent and/or delictual, particulars to be shown at trial of this cause.

10. As a result of Defendants' actions and/or inactions, Plaintiff has endured and in all likelihood will continue to endure severe pain and suffering, physical impairment, discomfort, disfigurement, distress, mental anguish, and other medical problems. As a result thereof, Plaintiff was obliged to obtain medical and pharmaceutical care and treatment, incurred lost time from his employment, and incurred a loss of earnings. In all likelihood and as a result of Defendants' actions, Plaintiff will continue to need medical and pharmaceutical treatment, incur a loss of employment time, and incur a loss of earnings into the future. Further, Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

11. Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

12. In addition to the above negligent acts, Defendants acted willfully, with malicious and conscious disregard to safety and health, and flagrantly in doing the things alleged, and were grossly negligent in the aforementioned particulars. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants had Plaintiff and others continue working. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm.

13. Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## PREMISES LIABILITY

14. The preceding paragraphs are incorporated herein.

15. Pleading in the alternative, if Defendants owned, occupied, maintained, and/or controlled the area where Plaintiff was injured sufficient to trigger premises liability standards, the condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendants and/or its agents/borrowed employee(s)/statutory employee(s)/borrowed servant(s) (or the like) had actual knowledge or reasonably should have known of the unreasonably dangerous condition and/or situation. Plaintiff did not have actual knowledge of the unreasonably dangerous condition and/or situation. Plaintiff was an invitee who entered Defendants' premises with Defendants' knowledge and for Defendants' benefit. Defendant had a duty to either warn Plaintiff of this unreasonably dangerous condition and/or situation, or make the unreasonably dangerous condition and/or situation reasonably safe. Defendant breached this duty by failing to warn Plaintiff of this known unreasonably dangerous condition and/or situation, and by failing to make

the unreasonably dangerous condition and/or situation reasonably safe. Defendant's breaches of these duties proximately caused Plaintiff's injuries.

16. Pleading in the alternative, Defendants, as owners and/or custodians of the platform (and/or the servants, students, apprentices, contractors, and the like of the owners and/or custodians of the platform), are responsible for the damage to Plaintiff occasioned by its ruin, as a result of their neglect to repair it and/or as the result of a vice or defect in its original construction. Defendants knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage to Plaintiff, that the damage could to Plaintiff could have been prevented by the exercise of reasonable care, and that Defendants failed to exercise such reasonable care.

## DAMAGES

17. As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put through much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

18. Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

   a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

   b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

   c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

i) past and future physical disfigurement;

j) past and future physical impairment; and

k) punitive and exemplary damages.

## CONDITIONS PRECEDENT

19. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## JURY DEMAND

14. Plaintiff requests a jury trial. Tex. R. Civ. P. 216(a).

## PRAYER FOR RELIEF

20. WHEREFORE, Plaintiff prays:

a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

b) that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and,

c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/ *Nicholas A. Morrow*
Nicholas A. Morrow
State Bar No. 24051088
Daniel E. Sheppard
State Bar No. 24103929
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com
*Attorneys for Plaintiff*
*Christopher Salazar*