THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SALAZAR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-00306 |
| | § | |
| BAY, LTD., A BERRY COMPANY, | § | |
| BERRY OPERATING COMPANY, LLC, | § | |
| SHELL OFFSHORE, INC., ET AL | § | |
| Defendant. | § | |

**BAY DEFENDANTS'MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND, SUBJECT THERETO, ORIGINAL ANSWER**

COME NOW Bay, Ltd., Berry Contracting, LP, and Berry Operating Company, LLC (collectively "Bay"), some of the Defendants in the above-styled and numbered cause, and file this Motion to Dismiss for Failure to State a Claim and, subject thereto, Original Answer to Plaintiff's Original Petition. In support thereof, Bay would respectfully show:

**I. Summary of Motion**

Plaintiff claimed that he fell while working on a production platform located on the Outer Continental Shelf as a result of unsecured, uneven, and/or unreasonably dangerous walkways. *Petition* at ¶ 10, attached as Exhibit A to Bay's *Notice of Removal* (Doc. 1). Plaintiff then provided nothing more than formulaic recitations of the elements of a negligence and/or premises liability case. *Id*. Because he failed to plead the requisite facts and details showing that Bay owed a duty to him (no facts showing actual or contractual control of the work performed or the work site, and no facts showing actual or constructive knowledge of the alleged condition), his pleadings are insufficient to state a plausible claim.

**II. Plaintiff's Petition should be dismissed because it constitutes an impermissible "shotgun pleading."**

Plaintiff's Petition impermissibly lumps together Bay with the other named Defendants without making proper and distinct allegations against each of them. See generally *Petition* attached as Exhibit A to Doc. 1. The Fifth Circuit and federal courts in Texas have strongly criticized the use of shotgun pleadings, like the Petition here, that fail to distinguish between the actions of named defendants. *See, e.g., S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986); *Moore v. Carrington Mortg. Servs., LLC*, No. 3:17-cv-3132-G-BN, 2018 WL 3853711, at *3–4 (N.D. Tex. July 17, 2018) (collecting cases). Moreover, "merely attaching a label and/or legal conclusion to no facts unique to that claim—or, at best, threadbare unique facts—is not sufficient to state a claim that is plausible on its face." *Moore*, 2018 WL 3853711 at *4 (quoting *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017)). Plaintiff's vague and unintelligible pleading violates the requirements of Rule 8 and should be dismissed under Rule 12(b)(6). *Id.*

### III. Plaintiff must plead facts, not bare assertions or rote recitations, showing Bay owned or controlled the property at the time of the alleged injury and that Bay was aware or should have been aware of a dangerous condition of the property.

As a threshold, for a premises liability claimant to prove a defendant owed it a legal duty, the claimant must prove the defendant owned or controlled the property at the time of the alleged injury. *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53-54 (Tex. 1997) ("This duty, we have emphasized, is commensurate with the right of control over the property."). "Ordinarily, a person who does not own the real property must assume control over and responsibility for the premises before being exposed to potential liability for a dangerous condition existing on that property." *Arana v. Figueroa*, 559 S.W.3d 623, 628 (Tex. App.—Dallas 2018, no pet.) (citing *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986).). "It is possession and control which generally must be shown as a prerequisite to liability." *Id.* "Absent the essential element of control on the date in question, Lefmark owed no duty under the general rule to keep the shopping center safe. For a

duty to exist, Lefmark must have owed a duty under some exception to the general rule." *Lefmark Mgmt. Co*. at 54 (Tex. 1997). Further, a defendant such as Bay does not have a duty to ensure that independent contractors perform their work in a safe manner, unless the defendant retained a right of supervisory control over the specific activity that actually causes the injury. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999).

Plaintiff did not specifically allege that Bay owned the premises in question, rather asserting that every unrelated Defendant owned the platform. *Petition* at ¶ 15, attached as Exhibit A to Doc. 1. Additionally, nowhere in his pleading did Plaintiff allege specific facts showing any control by Bay of the premises in question or the work performed by Plaintiff. Further, nowhere in his pleading did he allege specific facts showing that Bay had actual or constructive knowledge of a dangerous condition that presented an unreasonable risk of harm. Even to prove that a premises owner, which Bay is not, owed a pertinent legal duty, a plaintiff must "establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm" to the plaintiff. *Brinson Ford Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (ramp did not pose unreasonable risk to pedestrian); *see also, e.g., Wal-Mart Stores Inc. v. Gonzalez*, 968 S.W.2d 934, 936-938 (Tex. 1998) (no actual or constructive knowledge of macaroni salad on floor). Plaintiff has shown no such facts of actual or constructive knowledge by Bay.

As explained by the Supreme Court in *Iqbal*, the pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Instead, to survive a 12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading standard "demands more than an unadorned, the-

defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 557).

Instead, a complaint must include "sufficient facts from which to reasonably infer wrongdoing." *In re Fish & Fisher Inc.*, 557 Fed. Appx. 259, 263 (5th Cir. 2014) (insufficient pleading of conversion claim). A complaint should give a court an "understanding of what happened, why it happened, and whether it was wrong that it happened." *Id.* A complaint's "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct," or else the complaint is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678-679.

**IV. Because Plaintiff failed to plead facts showing that Bay had actual or constructive control of the property or Plaintiff's work and actual or constructive knowledge of a dangerous condition that presented an unreasonable risk of harm, his claims do not survive a 12(b)(6) analysis.**

Plaintiff pleaded only repeated variations of the bare conclusions that Bay (1) exercised or had the right to exercise contractual and actual control over the premises, the work being performed, and safety at the job site, (2) "The worksite in question was under the operational direction and control of Defendants, (3) Defendants were in control of the site and had contractual and actual control of the site and job (4) "The Defendants exercised and/or retained actual control over the work place, or (5) The Defendants created a dangerous condition. *Petition* at ¶ 10-16, attached as Exhibit A of Doc. 1. It is not even fully clear from Plaintiff's allegations whether he is alleging his injury arose from a defect existing when he entered the premises or a defect created by the work being done. Nevertheless, he pleaded no facts creating a duty owed by Bay for any of these potential theories of liability. There is no factual basis to conclude Bay retained actual or contractual control of the property. There is no factual basis to conclude Bay either retained a

contractual right to control Plaintiff's work or exercised actual control over Plaintiff's work. *Lawrence*, 988 S.W.2d at 226 (a party can establish the "right to control" either by evidence of a contractual agreement that expressly assigns the general contractor a right to control or by showing the general contractor actually exercised control over the job). There is no factual basis to show Bay created a dangerous condition. Texas law is clear: without a showing of control by Bay over the premises, Bay owes no duty to protect Plaintiff from an alleged dangerous condition of the property. *City of Denton* at 835. Texas law is clear: Bay does not owe a duty to Plaintiff to ensure he conducts his work in a safe manner. *Bright*, 89 S.W.3d at 606; *Lawrence*, 988 S.W.2d at 226. Because Plaintiff showed no facts creating a duty for Bay to protect Plaintiff from alleged dangers on the premises and Plaintiff and his employer alone have the obligation to perform their work in a safe manner, Plaintiff's negligence claims against Bay fail as a matter of law. *See, e.g., Bright*, 89 S.W.3d at 606.

Plaintiff did not plead any actual facts specific to any particular Defendant regarding the issues of control or creation of a dangerous condition. Plaintiff pleaded no facts showing how the alleged condition came into existence, how long it had been in existence, who knew of it, how that person knew of it, who should have known of it, why anyone should have known of it, or how and why anyone's knowledge can be imputed to Bay. Stated another way, Plaintiff failed to plead any of the requisite factual detail supporting his threadbare recitations of the elements of a premises liability claim. And as the United States Supreme Court warned, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court refused to credit a conclusory allegation that individual defendants "knew of, condoned, and willfully and maliciously agreed to" harsh and discriminatory

conditions of confinement. *Id.* at 682. The court explained that, without further allegation of supporting factual details, "the allegations are conclusory and not entitled to be assumed true." *Id.* Similarly, the Fifth Circuit has refused to credit a conclusory allegation that defendants "acted intentionally or recklessly" when they incorrectly identified the plaintiff as a suspect. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 442 (5th Cir. 2015). In the same case, the Fifth Circuit also disregarded, as conclusory, an allegation that the defendants' identification was "unreasonable." *Id.* at 443. Each of the allegations was "too conclusory to survive a motion to dismiss" without the further allegation of supporting facts. *Id.* at 442-443. The Fifth Circuit has similarly rejected, as insufficient, a conclusory statement that a defendant school district "either knew or had constructive knowledge" of a teacher's history of improper conduct with female students. *Lozano v. Donna I.S.D.*, 648 Fed. Appx. 412, 413 (5th Cir. 2016).

Like *Lozano*, our case also requires a showing of actual or constructive knowledge. *Brinson Ford*, 228 S.W.3d at 162. And like the plaintiff in *Lozano*, Plaintiff failed to plead any facts by which the Court can reasonably infer actual or constructive knowledge. Therefore, like the plaintiffs in *Lozano*, *Iqbal*, and *Bosarge*, Plaintiff's pleadings are insufficient to state a claim.

### V. Admissions and Denials of Allegations

**PARTIES AND SERVICE**

In response to paragraph 1, Bay denies the allegations therein.

In response to paragraph 2, Bay denies the allegations therein.

In response to paragraph 3, Bay denies the allegations therein.

In response to paragraph 4, Bay denies the allegations therein.

In response to paragraph 5, Bay denies the allegations therein.

In response to paragraph 6, Bay denies the allegations therein.

In response to paragraph 7, Bay denies the allegations therein.

**JURISDICTION AND VENUE**

In response to paragraph 8, the allegations therein do not require a response. To the extent that a response is required, Bay admits that the amount pleaded by Plaintiff exceeds the minimal jurisdictional limits of the Court and denies the remaining allegations.

In response to paragraph 9, Bay admits that their principal place of business is in Nueces County and denies the remaining allegations. Bay admits that this Court has proper venue of this action.

**FACTS, CAUSES OF ACTION, AND DAMAGES**

In response to paragraph 10, Bay denies the allegations therein.

In response to paragraph 11, Bay denies the allegations therein.

In response to paragraph 12, Bay denies the allegations therein.

In response to paragraph 13, Bay denies the allegations therein.

In response to paragraph 14, Bay denies the allegations therein.

In response to paragraph 15, Bay denies the allegations therein.

In response to paragraph 16, Bay denies the allegations therein.

In response to paragraph 17, Bay denies the allegations therein.

In response to paragraph 18, Bay denies the allegations therein.

**CONDITIONS PRECEDENT**

In response to paragraph 19, Bay denies the allegations therein.

**JURY DEMAND**

Paragraph 20 (incorrectly numbered 14) consists of a jury demand and does not contain allegations requiring an admission or denial. Bay does not contest trial by jury and hereby requests same.

**PRAYER**

In response to Plaintiff's prayer incorrectly numbered paragraph 20, Bay denies the allegations therein.

Bay denies all of the allegations contained in Plaintiff's Original Petition and any amendments thereto not specifically admitted above.

### VI. Defenses

The damages set forth in Plaintiff's Original Petition were not caused by the negligence of Bay, but by acts of third parties over whom Bay had no control.

Plaintiff's alleged injuries and/or damages resulted, in whole or in part, from new and independent, unforeseeable, intervening and/or superseding causes.

The alleged injuries, damages, or losses, if any, for which Plaintiff seeks recovery resulted directly and proximately from an unavoidable accident or conditions without fault or liability on Bay's part.

Plaintiff's misconduct, or the misconduct of others, was the sole cause of Plaintiff's injuries.

The proximate and/or producing cause of Plaintiff's claimed damages or injuries, if any, was Plaintiff's comparative negligence or negligence imputed to Plaintiff as a matter of law, which conduct either bars or reduces Plaintiff's recovery, if any. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-33.017. Bay asserts the defense of proportionate responsibility and requests the jury to compare the extent to which any party to the transaction, whether joined in this suit or not, caused or contributed to cause any of Plaintiff's alleged injuries.

In accordance with Texas Civil Practices and Remedies Code § 33.003, the jury will determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought by Plaintiff, each settling person, and each Responsible Third Party. See Tex. Civ. Prac. & Rem. Code § 33.001 et seq.

Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pleaded. Tex. Civ. Prac. & Rem. Code § 33.001 et seq.

All or part of the injuries, damages, and/or losses Plaintiff allegedly sustained are barred because Plaintiff failed to mitigate damages.

Bay may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of each, individually, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%). Tex. Civ. Prac. & Rem. Code § 33.013.

Plaintiffs recovery, if any, from Bay should be reduced by the comparative fault, negligence, and responsibility attributable to other Defendants. Tex. Civ. Prac. & Rem. Code § 33.013(a).

Plaintiffs injuries, loss, and/or damages, if any, were and are the result of an open, obvious, and apparent danger that was known to and recognized by Plaintiff, who knowingly, willingly, intentionally, and voluntarily exposed himself to the danger, thereby assuming the risk of accident, injury, and damage, which conduct either bars or reduces Plaintiff's recovery, if any, in accord with Texas law.

Bay is entitled to a credit for any settlements the Plaintiff may receive from any other person or entity. Tex. Civ. Prac. & Rem. Code § 33.012.

Plaintiff is barred from recovering any medical expenses and services that were incurred, but which were unreasonable in amount and/or never charged to Plaintiff and, thus, never "paid or incurred" by Plaintiff because he exceeded the amount authorized by Medicare, Medicaid, or any other health care plan. Tex. Civ. Prac. & Rem. Code § 41.0105.

Bay is entitled to all caps and limitations on damages, both compensatory and punitive, pursuant to the Texas Civil Practices & Remedies Code. Tex. Civ. Prac. & Rem. Code § 41.001 et seq.

Plaintiff may not be awarded exemplary damages unless he establishes by clear and convincing evidence that Bay acted with malice, fraud, or gross neglect, which Bay denies. Tex. Civ. Prac. & Rem. Code § 41.003.

Bay insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with Texas Civil Practices and Remedies Code § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of "liability for and amount of exemplary damages" must be unanimous.

In the unlikely event of any exemplary damage award, Bay further invokes the provisions of Texas Civil Practices and Remedies Code § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

In the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages. Bay would show that, as a matter of law, interest on damages yet to accrue is not compensatory and is, consequently, a penalty which would not be imposed even absent a finding of gross negligence, or rather, for a lesser level or degree of culpability for which a penalty is not

authorized by law.

Plaintiff's damages, if any, are unrelated to any act, error, or omission of Bay, and Bay's actions were not the proximate and/or producing cause of any alleged damages.

Bay reserves its right to assert additional defenses in the event discovery discloses the existence of such additional defenses.

## VII. Jury Demand

Bay hereby requests a trial by jury.

## VIII. Conclusion and Prayer

To survive a 12(b)(6) analysis, Plaintiff's petition must contain "factual content that allows the court to draw the reasonable inference" that Bay had control over the property or work being there conducted and knowledge of the alleged dangerous condition and that the condition posed an unreasonable risk of harm. *Iqbal*, 556 U.S. at 678; *Brinson Ford*, 228 S.W.3d at 162. Plaintiff's petition does not contain this factual content. In short, he failed to plead any facts showing Bay did something wrong and is liable to Plaintiff as a result. Bay therefore requests that Plaintiff's claims be dismissed and that Bay have any additional relief necessary to achieve justice, and subject thereto, that Plaintiff take nothing and that Bay be granted all further relief, both general and special, at law and in equity, to which they are justly entitled.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS, LLP

By: */s/   Christopher A. Lowrance*
    Christopher A. Lowrance
    State Bar No. 00784502
    Federal ID No. 15481
    Daniel A. Ruiz
    State Bar No. 24128505
    Federal ID No. 3690291
    802 N. Carancahua, Suite 1300
    Corpus Christi, TX  78470
    Telephone: (361) 884-8808
    Facsimile:  (361) 884-7261
    Chris.Lowrance@roystonlaw.com
    Daniel.Ruiz@roystonlaw.com

**ATTORNEYS FOR DEFENDANTS, BAY, LTD, BERRY CONTRACTING, LP, AND BERRY OPERATING COMPANY, LLC**

**OF COUNSEL:**
**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that, on the 3rd day of January, 2023 in accordance with the Federal Rules of Civil Procedure, the foregoing was served to the following counsel by the means indicated.

**Via E-serve**
Nicholas A. Morrow
Daniel E. Sheppard
5151 San Felipe Street
Houston, Texas 77056
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com
*Attorneys for Plaintiff*

    */s/   Christopher A. Lowrance*
    OF ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP