IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SALAZAR | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| SHELL OFFSHORE, INC; SHELL USA, | § | CASE NO. 2:22-cv-00306 |
| INC, CHET MORRISON CONTRACTORS | § | |
| INC*.,* BAY LTD, A BERRY COMPANY; | § | |
| BERRY CONTRACTING, LP | § | |
| BERRY OPERATING COMPANY, LLC; | § | |
| BP EXPLORATION & PRODUCTION | § | |
| INC.; SHELL PIPELINE COMPANY LP | § | |
| | § | |
| *Defendants* | § | **TRIAL BY JURY DEMANDED** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

1. Comes now Christopher Salazar ("Plaintiff") complaining of Defendants Shell Offshore, Inc., Shell USA, Inc., Chet Morrison Contractors, Inc. Bay Limited, A BERRY Company, Berry Contracting, LP and Berry Operating Company, LLC, BP Exploration & Production Inc., and Shell Pipeline Company LP, and would show the following:

## **PARTIES**

2. Plaintiff is a resident of Texas.

3. Defendant Bay Ltd., A BERRY Company, is a trade name of Berry Contracting, LP, a Texas entity with its principal place of business in this state and may be served with process through its registered agent Berry GP, Inc. at 1414 Valero Way, Corpus Christi, Texas 78409. Defendant Bay Ltd., A BERRY Company, is a trade name of Berry Contracting, LP has been served.

4. Defendant Berry Operating Company, LLC is the general partner of Defendants Bay Ltd., A BERRY Company and Berry Contracting, LP, with its principal place of business in this state and may be served with process through it registered agent Berry GP, Inc. at 1414 Valero Way, Corpus Christi, Texas 78409. Defendant Berry Operating Company, LLC has been served.

5. Defendant Shell Offshore, Inc. is a foreign entity with its principal place of business in this state and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201. Defendant Shell Offshore, Inc. has been served.

6. Defendant Shell USA, Inc. is a foreign entity with its principal place of business in this state and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201. Defendant Shell USA, Inc. has been served.

7. Defendant Chet Morrison Contractors, Inc. is a foreign entity doing business in this state and may be served with process through its registered agent Chester F. Morrison, Jr. at 16285 Park Ten Place, Suite 100, Houston, Texas 77084. Defendant Chet Morrison Contractors, Inc. has been served.

8. Defendant BP Exploration & Production Inc. is a foreign entity with its principal place of business in this state and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9. Defendant Shell Pipeline Company LP is a foreign entity with its principal place of business in this state and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

8. Damages sought are within the jurisdictional limits of this Court.

9. This Court has jurisdiction over this matter pursuant to the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1331 *et seq.* and/or general maritime law.

10. This Court has venue over this case pursuant to 28 U.S.C. § 1391(b)(1) and under 43 U.S.C. § 1349(b)(1) as one or more Defendants reside in this District and/or may be found in this District.

## FACTS

11. On or about August 5, 2022, Plaintiff was working on West Delta 143 "A" platform in the Gulf of Mexico. Plaintiff was injured when he fell from the West Delta 143 "A" platform, which at the time of the Incident was owned, operated, controlled, repaired, and/or maintained by Defendants, and fell into the sea and suffered serious and significant injuries (the "Incident").

12. On information and/or belief, the West Delta 143 "A" platform is owned, occupied, operated, controlled by Shell Offshore, Inc. and BP Exploration & Production, Inc. *See* https://www.shell.com/media/news-and-media-releases/2021/shell-reports-damage-assessment-of-wd-143-from-hurricane-ida.html. Further, on information and/or belief, the West Delta 143 "A" platform is operated by Shell Pipeline Company, LP. *Id.*

13. On information and/or belief, Defendants Bay Ltd., Berry Operating Company, LLC, and Chet Morrison Contractors, Inc. were contracted and/or hired by the Shell/BP Defendants to perform inspection, welding and/or fabrication services/operations on the West Delta 143 "A" platform.

14. Prior to and at the time of the Incident, Defendants Bay Ltd., Berry Operating Company, LLC, and Chet Morrison Contractors, Inc., were responsible (in whole or part) for inspecting, repairing, and installing guardrails (or other similar safety barrier or protection systems) and walking areas on the West Delta 143 "A" platform.

15. Defendants Bay Ltd., Berry Operating Company, LLC, and Chet Morrison Contractors, Inc., were responsible (in whole or part) for identifying and rectifying dangerous conditions, such as walkways on the West Delta 143 "A" platform that were unsecured, uneven, without guardrails (or other similar safety barrier or protection system).

16. At the time of the Incident, the walkways on the West Delta 143 "A" platform were unsecured, uneven, without guardrails (or other similar safety barrier or protection system) and unreasonably dangerous (and had been in this state long enough for Defendants to become aware of the hazard). As a result of the Incident, Plaintiff sustained serious injuries to his back, knees, legs, wrist, and other parts of his body.

17. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendants, their employees, agents, servants and/or employees, including Defendants' "company men", who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

18. Plaintiff would further show that Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. had custody or control of the platform and were responsible for maintaining the platform in a reasonably safe condition, free form hazards that would expose the Plaintiff to injury. Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. Defendants Shell Offshore, Inc.

and Shell USA, Inc. and/or BP Exploration & Production, Inc. had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendants were responsible for safety at the platform in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

### CAUSES OF ACTION: NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENCE PER SE

19. The preceding paragraphs are incorporated herein.

20. As stated above, on or about August 5, 2022, Plaintiff sustained severe and disabling injuries when he fell from the West Delta 143 "A" platform into the sea. Defendant Bay Ltd., Berry Operating Company, LLC, Shell Offshore, Inc., Shell USA, Inc., Chet Morrison Contractors, Inc., BP Exploration & Production Inc., and Shell Pipeline Company, LP are liable for the subject accident and Plaintiff's injuries and damages by reason of their torts, delicts, negligence, gross negligence, negligence per se, and/or conditions attributable to it, directly and/or vicariously, by and through their agents, servants, representatives and/or employees, in one or more of the following particulars:[1]

ALL DEFENDANTS

    a) Failing to maintain the walkways and handrails of the platform in a reasonably safe condition;

---

[1] Having walkways on the West Delta 143 "A" that are unsecured, uneven, without guardrails (or other similar safety barrier or protection system) to prevent workers from falling into the sea is unreasonably dangerous. Failing to warn of such hazards is equally dangerous. Doing any (or a combination thereof) of the following list is unreasonably dangerous.

b) Failing to warn the Plaintiff of the unreasonably dangerous conditions on the West Delta 143 "A" platform were unsecured, uneven, and/or unreasonably dangerous;

c) Failing to train employees, workers, servants, and/or agents to work on the platform in a safe and prudent manner;

d) Hiring and/or permitting unqualified workers to work on the platform;

e) Cutting back on necessary workers and equipment to save money, making the platform unsafe;

f) Failing to identify and/or repair unsafe conditions, including unsecured, uneven walkways without guardrails (or other similar safety barrier or protection system);

g) Failing to properly staff the platform with appropriately trained workers, making such platform unsafe;

h) Creating an unsafe condition on the platform;

i) Failing to barricade or otherwise protect workers from falls in the area of the deck where Plaintiff fell;

j) Failure to identify and guard against hazards, including

k) Failure to properly supervise and train their employees;

l) Failure to provide appropriate medical treatment;

m) Vicariously liable for their employees', agents', and/or servants' negligence;

n) Violating applicable OSHA and/or BSEE and/or other applicable standards;

o) Failure to maintain a safe work environment;

p) *Res ipsa loquitur;*

q) Other acts so deemed negligent and/or delictual, particulars to be shown at trial of this cause.

DEFENDANTS SHELL OFFSHORE, INC. AND SHELL USA, INC. AND/OR BP EXPLORATION & PRODUCTION, INC.

    a) Failing to maintain the equipment on the West Delta 143 "A" platform, including but not limited to equipment used to recover workers that have fallen from the platform into the sea and/or prevent workers from falling into the sea;

    b) Failing to properly equip the platform with appropriate safety devices to prevent workers from falling off the platform, making such platform unsafe;

    c) Failing to correct unsafe conditions, including unsecured, uneven walkways without guardrails (or other similar safety barrier or protection system);

    d) Failure to provide adequate safety equipment;

    e) Having an unsafe platform and failing to detect and correct unsafe conditions;

    f) Failure to maintain the platform;

    g) Failing to mark and guard against unsafe conditions;

    h) Failing to adequately maintain the deck and walkways on the platform;

    i) Vicariously liable for their employees', agents', and/or servants' negligence;

    j) Violating applicable OSHA and/or BSEE and/or other applicable standards;

    k) Failure to maintain a safe work environment;

    l) *Res ipsa loquitur;*

    m) Other acts so deemed negligent and/or delictual, particulars to be shown at trial of this cause.

21. As a result of Defendants' actions and/or inactions, Plaintiff has endured and in all likelihood will continue to endure severe pain and suffering, physical impairment, discomfort, disfigurement, distress, mental anguish, and other medical problems. As a result thereof, Plaintiff was obliged to obtain medical and pharmaceutical care and treatment, incurred lost time from his

employment, and incurred a loss of earnings. In all likelihood and as a result of Defendants' actions, Plaintiff will continue to need medical and pharmaceutical treatment, incur a loss of employment time, and incur a loss of earnings into the future. Further, Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

22. Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

23. In addition to the above negligent acts, Defendants acted willfully, with malicious and conscious disregard to safety and health, and flagrantly in doing the things alleged, and were grossly negligent in the aforementioned particulars. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants had Plaintiff and others continue working. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm.

24. Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## PREMISES LIABILITY

25. The preceding paragraphs are incorporated herein.

26. Pleading in the alternative, if Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. owned, occupied, maintained, and/or controlled the area where Plaintiff was injured sufficient to trigger premises liability standards, the condition of the

area where Plaintiff was injured posed an unreasonable risk of harm, and Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. and/or its agents/borrowed employee(s)/statutory employee(s)/borrowed servant(s) (or the like) had actual knowledge or reasonably should have known of the unreasonably dangerous condition and/or situation. Plaintiff did not have actual knowledge of the unreasonably dangerous condition and/or situation. Plaintiff was an invitee who entered Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc.'s premises with Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc.'s knowledge and for Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc.'s benefit. Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. had a duty to either warn Plaintiff of this unreasonably dangerous condition and/or situation, or make the unreasonably dangerous condition and/or situation reasonably safe. Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. breached this duty by failing to warn Plaintiff of this known unreasonably dangerous condition and/or situation, and by failing to make the unreasonably dangerous condition and/or situation reasonably safe. Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc.'s breaches of these duties proximately caused Plaintiff's injuries.

27. Pleading in the alternative, Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc., as owners and/or custodians of the platform (and/or the servants, students, apprentices, contractors, and the like of the owners and/or custodians of the platform), are responsible for the damage to Plaintiff occasioned by its ruin, as a result of their neglect to repair it and/or as the result of a vice or defect in its original construction. Defendants Shell Offshore, Inc. and Shell USA, Inc. and/or BP Exploration & Production, Inc. knew or, in the

exercise of reasonable care, should have known of the vice or defect which caused the damage to Plaintiff, that the damage could to Plaintiff could have been prevented by the exercise of reasonable care, and that Defendants failed to exercise such reasonable care.

## DAMAGES

28. As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put through much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

29. Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

    a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

    b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

    c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

    d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

    e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

    f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

    g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

i) past and future physical disfigurement;

j) past and future physical impairment; and

k) punitive and exemplary damages.

## CONDITIONS PRECEDENT

30. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## JURY DEMAND

30. Plaintiff requests a jury trial. Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

31. WHEREFORE, Plaintiff prays:

a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

b) that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and,

c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/ *Daniel E. Sheppard*
Nicholas A. Morrow
Attorney-In-Charge
State Bar No. 24051088
Federal Bar No. 611443
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370
All E-Service To:
*msfiling@morrowsheppard.com*
*nmorrow@morrowsheppard.com*

*Attorney for Plaintiff*
*Christopher Salazar*

Of Counsel:

Daniel E. Sheppard
State Bar No. 24103929
Federal Bar No. 3120079
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370
All E-Service To:
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*

**Certificate of Service**

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

/s/ *Daniel E. Sheppard*
Daniel E. Sheppard