United States District Court
Southern District of Texas
**ENTERED**
January 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SALAZAR, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 2:22-CV-00306 |
| BAY, LTD., *et al.*, | § § § | |
| Defendants. | § | |

**ORDER DENYING WITHOUT PREJUDICE AS MOOT BAY'S MOTION TO DISMISS**

Before the Court is Defendants Bay, Ltd., Berry Contracting, LP., and Berry Operating Company, LLC's (collectively, "Bay") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 5). The motion to dismiss argues that Plaintiff Christopher Salazar's original petition (filed in state court before this action was removed), *see* (D.E. 1; D.E. 1-1), does not comply with federal pleading standards because it (1) lumps together all named defendants "without making proper and distinct allegations against each of them[,]" (D.E. 5, p. 1–2), and (2) does not adequately plead a premises liability claim against Bay, *id.* at 2–6. Bay filed the motion to dismiss on January 3, 2023. *See id.*

On January 24, 2023, Plaintiff filed his first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (D.E. 15); *see* (D.E. 17, p. 2); FED. R. CIV. P. 15(a)(1)(B) (permitting amendment once as a matter of course within "21 days after service of a motion under Rule 12(b) . . . ."). Plaintiff also responded to the motion to dismiss, indicating that the amended complaint withdraws Plaintiff's premises liability claims against Bay. (D.E. 17, p. 2 n.2); *see also* (D.E. 15). The amended complaint also specifies which claims are brought against which defendants. *See* (D.E. 15).

"The timely filing of an amended complaint generally moots a pending motion to dismiss." *Arismendez v. Coastal Bend College*, No. 2:19-CV-312, 2020 WL 977231, at *3 (S.D. Tex. Feb. 27, 2020) (Ramos, J.) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading") (citation omitted). But "a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) (Lynn, C.J.) (citation omitted).

Having carefully reviewed the pending motion to dismiss, (D.E. 5), Plaintiff's first amended complaint, (D.E. 15), and Plaintiff's original petition, (D.E. 1-1), the Court concludes that Bay's motion to dismiss should be denied as moot. The first amended complaint was timely filed, does not refer to or incorporate by reference the original petition, and the deficiencies mentioned in the original petition do not persist in the amended complaint. *See* (D.E. 1-1; D.E. 5; D.E. 15). In reaching this conclusion, the Court is not deciding and has no opinion on whether Plaintiff's first amended complaint states a claim upon which relief can be granted. As such, Bay's motion to dismiss is **DENIED as moot without prejudice** to its refiling. (D.E. 5).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      January 25, 2023