# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER SALAZAR, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SHELL OFFSHORE ET AL., § <br> Defendants. § | § <br> § <br> § <br> CIVIL ACTION NO. 2:22-cv-00306 <br> § <br> § <br> § <br> § |

# Bay Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim

In lieu of an amended answer, Defendants Berry Contracting, LP, *doing business as Bay, Ltd.*, and Berry Operating Company, LLC (collectively "Bay"), file this Rule 12(b)(6) Motion to Dismiss because Plaintiff's First Amended Complaint fails to make allegations of fact sufficient to state a claim.

## Statement of the Case

Plaintiff allegedly fell while working on an oil production platform located on the Outer Continental Shelf as a result of unsecured, uneven, walkways that did not have guardrails attached. Plaintiff first filed suit in Texas state court on November 22, 2022. **D.E. 1-1** *Original Petition*. Defendants removed the case to this Court on December 27, 2022. **D.E. 1** *Notice of Removal*. Bay filed a Motion to Dismiss on January 3, 2022. **D.E. 5** *First Motion to Dismiss*. On January 24, 2023, Plaintiff amended his petition as of right. **D.E. 15** *First Amended Complaint*. On January 25, 2023, this Court denied the first motion to dismiss as moot while reserving the question of "whether Plaintiff's first amended complaint states a claim." **D.E. 20** at 2.

65949:46791634

## Arguments and Authorities

### A.    The Complaint Continues to Use Shotgun Allegations

Firstly, the Amended Complaint does not state a claim for relief because the Complaint continues to engage in impermissible group pleading at ¶¶ 11; 17; 20, including subparagraphs (a) through (q); 21; 22; and 23. *See* **D.E. 15**. These paragraphs fail to differentiate between any of the seven named defendants calling them all "the Defendants," and the paragraphs alleged in this manner should be disregarded under Rule 12(b)(6).

The Fifth Circuit and federal courts in Texas have strongly criticized the use of such shotgun pleadings, like the Complaint here, that fail to distinguish between the actions of named defendants. *See, S. Leasing Partners, v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986); *Moore v. Carrington Mortgage Services*, 2018 WL 3853711, at *3–4 (N.D. Tex. July 17, 2018) (collecting cases). Moreover, "merely attaching a label [or] legal conclusion to no facts unique to that claim—or, at best, threadbare unique facts—is not sufficient to state a claim that is plausible on its face." *Moore*, 2018 WL 3853711 at *4. Thus, Plaintiff's vague and unintelligible pleading violates the requirements of Rule 8 and should be dismissed under Rule 12(b)(6). *Id.*[1]

### B.    Many of Plaintiff's allegations are mere conclusions.

Second, the allegations in ¶¶ 11; 14; 15; 16; and 20 consist primarily of legal conclusions, which must be disregarded under Rule 12(b)(6). Because "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice."

---

[1] Unless otherwise noted, internal quotation marks and citations are removed throughout.

*See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004)). Such conclusions thus cannot state a claim.

As explained by the Supreme Court in *Iqbal*, the pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Instead, to survive a 12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 557).

Instead, a complaint must include "sufficient facts from which to reasonably infer wrongdoing." *In re Fish & Fisher Inc.*, 557 Fed. Appx. 259, 263 (5th Cir. 2014), and a complaint should give the court an "understanding of what happened, why it happened, and whether it was wrong that it happened." *Id.* A complaint's "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct," or else the complaint is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678-679. This the Plaintiff did not do.

Rather, Plaintiff's only clear statements of fact show that Bay owed no duty to the Plaintiff. Here, Plaintiff did not allege Bay owned the premises in question, rather he asserted that every unrelated Defendant (other than Chet Morrison and Bay) owned or controlled the platform.

And a third-party contractor such as Bay does not have a duty to ensure that an owner's independent contractors perform their work in a safe manner, unless the Plaintiff can show a right of supervisory control over the specific activity that actually caused the injury, i.e. affirmative involvement in the accident. *See Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *Coastal Marine Services of Texas v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999).

"Ordinarily, a person who does not own the real property must assume control over and responsibility for the premises before being exposed to potential liability for a dangerous condition existing on that property."[2] *Arana v. Figueroa*, 559 S.W.3d 623, 628 (Tex. App.—Dallas 2018, no pet.). "It is possession and control which generally must be shown as a prerequisite to liability." *Id.* "Absent the essential element of control on the date in question, [defendant] owed no duty under the general rule to keep the shopping center safe. For a duty to exist, [defendant] must have owed a duty under some exception to the general rule." *Lefmark Mgmt. Co.* at 54 (Tex. 1997).

Here, Plaintiff does not allege facts showing that Bay was presently in control of the walkway in question when the Plaintiff fell. And nowhere in his pleading did Plaintiff allege facts, from which an inference could be drawn, indicating that Bay somehow *increased the risk of harm* to the Plaintiff or that Plaintiff would not have been injured, but for Bay's other affirmative actions. See RESTATEMENT (SECOND) OF TORT § 314 and 324A.

---

[2] Bay cites to Texas substantive law to illustrate that Plaintiff has failed to state a claim under the tort causes of action pled by Plaintiff. Bay does not take the position that Texas's rules of decisions for tort claims governs this case: based on further factual development, it is possible that other rules of decisions (such as Louisiana's tort law) should apply. Whichever law is applied, Plaintiff's lack of factual pleading falls short of the mark. Bay reserves its right to contend that substantive law other than Texas law should govern his claims.

Even to prove that a premises owner, which Bay is not, owed a pertinent legal duty, a plaintiff must "establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm" to the plaintiff. *Brinson Ford Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (ramp did not pose unreasonable risk to pedestrian); *see also, e.g., Wal-Mart Stores Inc. v. Gonzalez*, 968 S.W.2d 934, 936-938 (Tex. 1998) (no actual or constructive knowledge of macaroni salad on floor).

Here, Plaintiff has shown no such facts of actual or constructive knowledge by Bay, and Plaintiff appears to disavow any premises-based liability. Rather Plaintiff pleaded only repeated variations of bare conclusions as part of his allegations against "All Defendants." **D.E. 15** at ¶ 20(a) through (q). It is not even fully clear from Plaintiff's allegations whether he is alleging his injury arose from a defect existing when he entered the premises or a defect created by the work being done.

Nevertheless, Plaintiff pleaded no facts creating a duty owed by Bay for any of these potential theories of liability. There is no basis to conclude Bay had control of the worksite. There is no basis to conclude Bay exercised actual control over any of the work involved contemporaneously with the injury. *Lawrence*, 988 S.W.2d at 226 (a plaintiff can establish a "right to control" either by showing that a contractual agreement expressly assigned the right or by showing the defendant actually exercised control contemporaneously with the accident). There is no basis to show Bay created a dangerous condition.

Therefore, Texas law and the general law of negligence is clear: without a showing of control by Bay over the premises, Bay owed no duty to protect Plaintiff from an allegedly dangerous condition. *City of Denton* at 835. And Bay did not owe a duty to ensure Plaintiff conducted his work in a safe manner. *Bright*, 89 S.W.3d at 606; *Lawrence*, 988 S.W.2d at 226.

Because Plaintiff has pled no facts creating a duty for Bay to protect Plaintiff from alleged dangers on the premises and Plaintiff and his employer alone have the obligation to perform their work in a safe manner, Plaintiff's negligence claims against Bay fail as a matter of law. *See, e.g., Bright*, 89 S.W.3d at 606.

### C.   Plaintiff's allegations of knowledge and intent are not plausible.

Third, Paragraph 23's allegations of willful and malicious misconduct are not plausible because Plaintiff has not alleged facts from which such an inference could be drawn. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (Supreme Court refused to credit a conclusory allegation that individual defendants "knew of, condoned, and willfully and maliciously agreed to" harsh and discriminatory conditions of confinement). The Supreme Court explained that, without further allegation of supporting factual details, such allegations regarding a subjective state of mind "are conclusory and not entitled to be assumed true." *Id.* at 665. The Fifth Circuit has similarly rejected, as insufficient, a conclusory statement that a defendant school district "either knew or had constructive knowledge" of a teacher's history of improper conduct with female students. *Lozano v. Donna I.S.D.*, 648 Fed. Appx. 412, 413 (5th Cir. 2016).

Plaintiff did not plead any facts specific to any particular Defendant regarding the issues of control or creation of a dangerous condition. Plaintiff pleaded no facts showing how the alleged condition came into existence, how long it had been in existence, which individual knew of it, how that individual knew of it, who should have known of it, why anyone should have known of it, or why such knowledge could be imputed to Bay.

Stated another way, Plaintiff failed to plead any of the requisite details supporting his mere recitations of the elements of his claim. And as the United States Supreme Court warned, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Like *Lozano*, our case requires a showing of subjective knowledge or awareness. *Brinson Ford*, 228 S.W.3d at 162. And like the plaintiff in *Lozano*, Plaintiff failed to plead any facts by which the Court can reasonably infer such knowledge or awareness. Therefore, like the plaintiffs in *Lozano*, *Iqbal*, and *Bosarge*, Plaintiff's pleadings are insufficient to state a claim.

## D.   Plaintiff failed to allege that Bay was negligent.

Finally, Plaintiff's only allegations about whether Bay was involved in the accident or otherwise owed a duty to Plaintiff, ¶¶13 and 14, are either legal conclusions divorced from any specific facts (paragraph 14) or otherwise vague and unintelligible (paragraph 13). Paragraph 13 is indecipherable due to its repeated use of "and/or" when switching between multiple defendants when alleging who "Shell/BP" hired "and/or" contracted. *See Philip Services v. City of Seattle*, 2007 WL 703713, at *7 (S.D. Tex. 2007) ("the potentially confusing uses of 'and' and 'or' has long been noted in students of legal writing").

The vagueness problem that the conjunctive-disjunctive "and/or" creates has been noted by a numerous number of English-speaking authorities. *See, e.g., Sandman v. Farmers* 969 P.2d 277, 281 (Mont. 1998) (noting "ambiguity or confusion" is inherent in the use of "and" and "or," with or without the "/" slash).

Many courts have urged practitioners to avoid using "and/or." *See, e.g., United States v. Bush*, 70 F.3d 557, 562 (10th Cir. 1995) (regarding the conjunction and/or, "[s]uch vague language is strongly disfavored."). Other courts have derided use of the phrase with more forceful language. For example, one state court of appeals called "and/or" a "grammatical monstrosity" that "is confusing and should be condemned[.]" *Boggs v. Kentucky*, 148 S.W.2d 703 (Ky. Ct. App. 1941). The Wisconsin Supreme Court was even more terse about the use of the phrase.

> It is manifest that we are confronted with the task of first construing "and/or," that befuddling, nameless thing, that Janus-faced verbal monstrosity, neither word nor phrase, the child of a brain of some one too lazy or too dull to express his precise meaning, or too dull to know what he did mean, now commonly used by lawyers in drafting legal documents, through carelessness or ignorance or as **a cunning device to conceal rather than express meaning with view to furthering the interests of their clients.**

*Employers Mutual v. Tollefsen*, 263 N.W. 376, 377 (Wisc. 1935) (emphasis added).

Thus paragraph 13 does not state facts showing the existence of a duty because the Plaintiff does not identify which of the three "and/or" defendants referenced in that paragraph are allegedly responsible for inspections "and/or" operations.

## Conclusion

Because Plaintiff failed to plead the requisite facts and details showing that any Bay entity owed him a duty (no facts showing control of the work performed or control of the worksite, no facts showing whether the worksite included the specific walkway Plaintiff fell at, and no facts from which knowledge of the alleged condition could be plausibly inferred), his pleadings are insufficient as a matter of law and the Court should dismiss his Complaint for failing to state a plausible claim against any Bay entity.

WHEREFORE, Bay respectfully requests that Plaintiff's claims be dismissed; that Plaintiff take nothing; and that Bay be granted all such other and further relief, both general and special, at law and in equity, to which they are justly entitled.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS LLP

By:/s/   Christopher A. Lowrance
    Christopher A. Lowrance
    State Bar No. 00784502
    Federal ID No. 15481
    Daniel A. Ruiz
    State Bar No. 24128505
    Federal ID No. 3690291
    802 N. Carancahua, Suite 1300
    Corpus Christi, TX  78470
    Telephone: (361) 884-8808
    Facsimile:  (361) 884-7261
    Chris.Lowrance@roystonlaw.com
    Daniel.Ruiz@roystonlaw.com
    ***Attorneys for Defendants, Berry Contracting, LP, doing business as Bay, Ltd., and Berry Operating Company, LLC***

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that, on the 8th day of February 2023 in accordance with the Federal Rules of Civil Procedure, the foregoing was served to the following counsel by the means indicated.

**Via E-serve**
Nicholas A. Morrow
Daniel E. Sheppard
5151 San Felipe Street
Houston, Texas 77056
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com
*Attorneys for Plaintiff*

**Via E-serve**
Timothy Strickland
Farnaz Alms
Kean Miller LLP
711 Louisiana St., Ste. 1800 South Tower
Houston, TX  77002
Direct: 713-844-3031
Mobile: 281-380-0569
Email: tim.strickland@keanmiller.com
Email: Farnaz.alms@keanmiller.com
*Attorneys for Chet Morrison Contractors*

**Via E-serve**
Jonas S. Patzwall
Thomas P. Diaz
Liskow & Lewis
1001 Fannin St
Suite 1800
Houston, TX 77002
713-651-2824
Email: JSPatzwall@liskow.com
and
701 Poydras Street; Ste 5000
New Orleans, LA 70139
504-556-4165
Fax: 504-556-4108
Email: tpdiaz@liskow.com
*Attorneys for Shell Defendants*

                                      */s/   Christopher A. Lowrance*
                                      OF ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP