THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SALAZAR, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 2:22-cv-00306 |
| § | | |
| SHELL OFFSHORE et al., § | | |
| *Defendants*. § | | |

# Bay Defendants' Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint

## A.  Plaintiff's non-feasance claims sound solely in premises liability.

Based on *Plaintiff's Response* (**D.E. 33**), Plaintiff still seeks to hold Bay liable on a non-feasance theory that is plainly inconsistent with well established-tort law principles and despite prior representations to the Court that he had "withdrawn his premises liability claims against the Bay Defendants." *See* **D.E. 17** at pg. 2 n.2.

Plaintiff attempts to artfully plead around this issue by stating that Bay committed "affirmative acts" by "choosing to not maintain . . . choosing to not warn . . . choosing to not train . . ." **D.E. 33** at pg. 11 *middle paragraph* and at n.4, but Plaintiff gives up the game because those allegations are just different formulations of a premises claim based on a failure to warn or a failure to make the premises safe.

Thus, Plaintiff's Amended Complaint fails to state a negligence claim against Bay separate from the premises claim Plaintiff has already disavowed. Therefore, Bay's Motion to Dismiss the Amended Complaint, as against Bay, should be granted.

## B.  Plaintiff cannot sue Bay for duties owed to a platform owner.

Similarly, Plaintiffs' reliance on affirmative duties to perform (which Bay allegedly owed to the owner of a platform) is misplaced because those duties arise, if at all, solely as a matter of contract, and Plaintiff does not allege that any contemporaneous activity gave rise to his injury.

Plaintiff did factually allege an unspecified walkway was "unsecured, uneven, [and] without guardrails." But while the Plaintiff conclusorily alleged that Bay was responsible for installing, repairing, identifying and rectifying walkways without guardrails (**D.E. 15** at ¶14, 15), said allegations fail to support the imposition of a duty on Bay.

Under general tort law principles, a contractor's failure to perform a contractual duty does not create a tort duty to third parties. In *Picton v. Eastes* (applying general tort law principles), the owner of a motorboat sued the owner of a platform and the owner's contractor who was hired to remove a concealed and dangerous condition. *D. M. Picton & Co. v. Eastes*, 160 F.2d 189, 191 (5th Cir. 1947). [1] The Fifth Circuit held the contractor "owed no duty to [the owner of a motorboat], that [the contractor] was not liable to [the plaintiff] in tort for the damages the collision caused, and that the judgment for [the plaintiff] against it may not stand." *Id*.

Thus, *Picton* held an injured plaintiff cannot directly sue a contractor based on a mere failure to perform a contractual undertaking. *Picton at 191*; *see also Lucky-Goldstar v. Phibro Energy*, 958 F.2d 58, 60 (5th Cir. 1992) (citing *Picton v. Eastes* as still good law).

---

[1] Unless otherwise noted, internal citations and quotation marks are removed throughout.

The Court in *Picton* went on to find that the *owner of the platform* was liable to the Plaintiff in tort, and that only the owner of the platform could recover for the contractor's breach of any express contractual provisions mandating the removal of dangerous conditions. *Picton, 160 F.2d at 194*; *see also KNSM v. Strachan*, 301 F.2d 741, 743 (5th Cir. 1962) ("The action is not a derivative one from the basis of the suit by the injured party against the [tortfeasor], but is based purely on damage resulting from a breach of contract").

*Picton* thus shows that Plaintiff's theory of recovery, which is premised on non-feasance or a failure to perform, is a contractual claim which the law reserves for the premises owner, and the premises owner alone can raise it. To prove the point, *Comment f* to Section 324A of the Restatement (Second) of Torts, which Plaintiff appears to concede applies in this case, states that "the ancient distinction between misfeasance and non-feasance has persisted where the harm results to third persons" rather than to the contract beneficiary.

## C.   Plaintiff did not sufficiently plead a negligent inspection claim.

Plaintiff mistakenly states the "Bay Defendants are no different" from the telephone inspector cited as an example in Section 324A's illustration of duties owed to third persons. **D.E. 33** at pg. 13. That illustration is not analogous, however, because there, the inspector affirmatively "approve[d]" of a pole that collapsed due to an unknown defect.

Similarly, in the second illustration cited by Plaintiff, the liable elevator inspector made a "report that the elevator [was] in good condition," but the elevator then collapsed. In each of the illustrations, an inspector was liable based on his negligent and false representations.

Here, however there are no allegations of any representations made by Bay. Plaintiff does not plead that Bay certified or approved of any particular walkway or even walkways in general. And while plaintiff, in the form of a legal conclusion, states that Bay was responsible for inspecting walkways, Plaintiff does not allege that Bay had completed any particular inspection. Rather, Plaintiff claims that Bay was still "actually involved in work going on [sic] the platform when Plaintiff fell." **D.E. 33** at pg. 7.

Moreover, as pointed out in *Bay's Motion to Dismiss*, the vast majority of Plaintiff's allegations consist of mere legal conclusions announcing that Bay is responsible for x, y, and z. *See* **D.E. 33** *Response* at pp. 6-7, citing, as proof of factual sufficiency, allegations that defendants:

> Were responsible for safety . . . .Owed Plaintiff a duty to exercise reasonable care. . . were responsible (in whole or in part) . . . were responsible (in whole or in part) . . . were responsible (in whole or in part) . . . failed to maintain the walkways and handrails of the platform in a reasonably safe condition . . . failed to warn the Plaintiff of the unreasonably dangerous conditions. . . failed to train employees [] in a safe and prudent manner . . . hired and/or permitted unqualified workers . . . failed to identify and/or repair unsafe conditions . . . failed to properly staff [] with appropriately trained workers.

*See also* **D.E. 33** at pp. 14-15 (citing same allegations).

The foregoing allegations of *responsibility*, *reasonable care*, *failure to make reasonably safe*, *unreasonably dangerous*, *safe and prudent manner*, *unqualified workers*, *unsafe conditions*, and *appropriate training* are each textbook-legal conclusions and elemental recitations, proof of which can be drawn from facts, but such allegations are not themselves facts.

## D. There is no duty to warn of an open and obvious condition, such as the lack of guardrails.

At any rate, the "absence of guardrails" would have been an open and obvious condition that would ordinarily bar relief, quite unlike the latent defects presupposed by the Restatement's cited illustrations. *See Martin v. Gehan Homes Ltd.*, 2008 WL 2309265, at *2 (Tex. App.—Austin June 4, 2008, no pet.) ("The fact that a person can fall from an eighth story balcony is an open and obvious condition."); s*ee also Dees v. Thomas*, 2019 WL 2847438, at *6 (Tex. App.—Austin July 3, 2019, no pet.) (collecting cases) (noting that an uneven step that had "an improper slope, and had no warnings" was open and obvious; and holding that "the case law establishes that a missing hand rail is generally an open and obvious condition").

Similarly, in *Freeman v. Carroll Parish*, the Louisiana court of appeals held that the "condition of [a] dual stair/ramp walkway was open and obvious and [the plaintiff] would have seen that no handrail was present if she paid even cursory attention to the walkway in front of her." *Freeman v. W. Carroll Par. Police Jury*, 349 So.3d 637, 643-645 (La. App. 2 Cir. 2022) ("defendants generally have no duty to protect against an open and obvious hazard"). Thus, the failure to install guardrails cannot be the basis for Bay's liability.

## E. Plaintiff's vague "and/or" allegations violate Rule 8.

Finally, Bay does not take issue with Plaintiff's contention that he is allowed to plead alternative theories of recovery. But a party who employs the pleading procedures authorized by Rule 8(d)(2) must comply with the other obligations imposed by Rule 8.

"That means the pleader must set forth a short and plain statement of his alternative or hypothetical claim or defense in simple, direct, and concise terms." § 1282 *Wright and Miller*, *Alternative and Hypothetical Pleading*, 5 FED. PRAC. & PROC. CIV. § 1282 (4th ed.) (collecting cases). If a party fails to comply with Rule 8 by "filing jumbled and verbose pleadings," the district court may grant "a motion to strike under Rule 12(f) or to dismiss without prejudice." *Id*. "While the [plaintiff] need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing." *Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000).

Here, it is next to impossible to parse the various "and/or" and "in-part-or-in-whole" theories on which Plaintiff seeks to base its case against multiple defendants. *See* **D.E. 26** at pp. 2 and 7-8. If Plaintiff truly seeks to allege each permutation of the "and/or" allegations against each defendant, the Complaint should at least state the allegations in a manner that grammatically delineates where one theory ends and the other begins. That is of course if that is truly what the Plaintiff hoped to accomplish with his doublespeak. However, in light of the excessively vague allegations at issue, there is a specter that Plaintiff is attempting to allege more than what a reasonable inquiry under Rule 11(b) would permit him to allege. Any such practice, with even the potential for allowing a practitioner to evade the strictures of Rule 11, should be discouraged.

## Prayer

WHEREFORE, the Bay Defendants pray that Plaintiff's claims against them be dismissed; that Plaintiff take nothing; and that Bay be granted all such other and further relief, both general and special, at law and in equity, to which they are justly entitled.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS LLP

By: */s/   Christopher A. Lowrance*
    Christopher A. Lowrance
    State Bar No. 00784502
    Federal ID No. 15481
    Daniel A. Ruiz
    State Bar No. 24128505
    Federal ID No. 3690291
    802 N. Carancahua, Suite 1300
    Corpus Christi, TX  78470
    Telephone: (361) 884-8808
    Facsimile:  (361) 884-7261
    Chris.Lowrance@roystonlaw.com
    Daniel.Ruiz@roystonlaw.com
    ***Attorneys for Defendants, Berry Contracting, LP, doing business as Bay, Ltd., and Berry Operating Company, LLC***

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 8th day of March 2023 in accordance with the Federal Rules of Civil Procedure, the foregoing was served to the following counsel by the means indicated.

**Via E-Serve**
Nicholas A. Morrow
Daniel E. Sheppard
5151 San Felipe Street
Houston, Texas 77056
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com
*Attorneys for Plaintiff*

**Via E-Serve**
Timothy Strickland
Farnaz Alms
Kean Miller LLP
711 Louisiana St., Ste. 1800 South Tower
Houston, TX  77002
Email: tim.strickland@keanmiller.com
Email: Farnaz.alms@keanmiller.com
*Attorneys for Chet Morrison Contractors*

**Via E-Serve**
Alex Baynham
Shell USA, Inc.
701 Poydras St.
New Orleans, LA  70139
Email: alex.baynham@shell.com

-and-

**Via E-Serve**
William S. Bordelon
Law Offices of William S. Bordelon, LLC
407 Roussell St.
Houma, LA  70360
Email: billy@wsbordelon.com
*Attorneys for Shell Defendants*

**Via E-Serve**
Thomas W. Taylor – Attorney-in-Charge
Hunton Andrews Kurth LLP
4200 JPMorgan Chase Tower
600 Travis St.
Houston, TX  77002
Tele: 713-220-4200
Fax: 713-220-4285
Email: ttaylor@huntonak.com

-and-

**Via E-Serve**
Jeffrey B. McClure
jeffmcclure@huntonak.com
Georgia L. Lucier
glucier@huntonak.com
Raymond G. Randle, Jr.
rrandle@huntonak.com
4200 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
***Attorneys for Defendant BP Exploration***
***& Production, Inc.***

                                                                /s/   Christopher A. Lowrance
                                                                 OF ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP