United States District Court
Southern District of Texas
**ENTERED**
March 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SALAZAR, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00306 |
| SHELL OFFSHORE, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER GRANTING BAY'S MOTION TO DISMISS

Before the Court is Defendants Berry Contracting, LP, doing business as Bay, Ltd., and Berry Operating Company, LLC's (collectively "Bay") motion to dismiss Plaintiff Christopher Salazar's first amended complaint, (D.E. 15), pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 26). Plaintiff opposes the motion but requests leave to amend if the Court finds Plaintiff's first amended complaint deficient. (D.E. 33, p. 1). After review, the Court **GRANTS** Bay's motion to dismiss. (D.E. 26). However, Plaintiff may file a second amended complaint by **April 12, 2023**. The second amended complaint should address the deficiencies highlighted by this Order.

### I. Background

On or about August 5, 2022, Plaintiff was working on West Delta 143 "A" platform (the "Platform") in the Gulf of Mexico when he fell from the Platform into the sea and sustained serious injuries. (D.E. 15, p. 3). Although Plaintiff's first amended complaint does not explicitly state whether Plaintiff fell from a walkway on the Platform, Plaintiff alleges that the Platform's walkways contributed or caused his injuries. *See id.* at 3–6. For example, Plaintiff alleges that, when he was injured, the walkways "were unsecured, uneven, [and] without guardrails (or other

similar safety barrier or protection system)" and that such conditions "had been in this state long enough for Defendants to become aware of the hazard." *Id.* at 4.

When Plaintiff's injuries occurred, Plaintiff alleges that the Platform was "owned, operated, controlled, repaired, and/or maintained by *Defendants*." *Id.* at 3 (emphasis added). But Plaintiff also alleges that the Platform was "controlled by Shell Offshore, Inc. and BP Exploration & Production, Inc." *Id.* Plaintiff also alleges that Shell Pipeline Company LP operated the Platform. *Id.* Bay and Chet Morrison Contractors, Inc. were "contracted and/or hired" by Shell Offshore, Inc., BP Exploration & Production, Inc., and Shell Pipeline Company LP to perform "inspection, welding[,] and/or fabrication services/operations" on the Platform. *Id.* Bay and Chet Morrison Contractors, Inc. "were responsible (in whole or in part) for inspecting, repairing, and installing guardrails (or other similar safety barrier or protection systems) and walking areas" on the Platform. *Id.*

Plaintiff later filed suit in state court against Bay, Shell Offshore, Inc., Shell USA, Inc., Chet Morrison Contractors, Inc.,[1] BP Exploration & Production, Inc., and Shell Pipeline Company LP asserting negligence, gross negligence, negligence per se, and premises liability against all defendants. (D.E. 1-1, p. 3–8). After defendants removed to this Court, *see* (D.E. 1), Plaintiff filed his first amended complaint, (D.E. 15). The first amended complaint withdrew the premises liability claim against Bay and Chet Morrison Contractors, Inc. *See* (D.E. 15, p. 9) (asserting premises liability claims against Shell Offshore, Inc., Shell USA, Inc., and BP Exploration & Production, Inc.); (D.E. 17, p. 2 n.2) (referencing D.E. 15 and stating that "at this time" Plaintiff has withdrawn his premises liability claims against Bay). Excepting Bay, all defendants have filed answers to Plaintiff's first amended complaint. (D.E. 24; D.E. 25; D.E. 27). Bay has filed the

---

[1] Chet Morrison Contractors, Inc.'s answer states that its correct name is Chet Morrison Contractors, LLC. (D.E. 24, p. 1).

instant Rule 12(b)(6) motion to dismiss, arguing that Plaintiff fails to state a negligence claim against it. *See* (D.E. 26).[2]

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Dismissal pursuant to Rule 12(b)(6) is warranted if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "In conducting this analysis, [the court] accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff[]." *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (quoting *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263 (5th Cir. 2019)). To survive dismissal, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are unnecessary, the complaint must contain sufficient facts to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. Analysis

### A. Motion to Dismiss

In moving to dismiss, Bay posits three primary issues with Plaintiff's first amended complaint. First, Bay complains that the first amended complaint uses shotgun allegations. (D.E.

---

[2] To the extent Bay's motion challenges a premises liability claim against it, *see* (D.E. 26, p. 3–5), that portion of the motion is **DENIED without prejudice as moot**. Before Bay filed the instant motion to dismiss, Plaintiff specified that his first amended complaint withdrew his premises liability claim against Bay. *See* (D.E. 15, p. 9; D.E. 17, p. 2 n.2).

26, p. 2). Similarly, Bay takes issue with Plaintiff's use of the phrase "and/or" in several of his allegations. *Id.* at 7–8 (referencing paragraphs 13 and 14). Second, Bay complains that Plaintiff makes conclusory allegations. *Id.* at 2–6. Third, Bay argues that Plaintiff's allegations of knowledge and intent are not plausible. *Id.* at 6–7. After review, the Court finds that Plaintiff's first amended complaint contains impermissible shotgun allegations, which frustrate Bay's ability to respond to Plaintiff's asserted claims.

Bay argues that Plaintiff's first amended complaint fails to state a claim for relief because it uses impermissible shotgun pleadings by failing to differentiate between the seven named defendants in paragraphs 11, 17, 20, 21, 22, and 23. (D.E. 26, p. 2) (referencing D.E. 15). The Fifth Circuit has long expressed concerns about "shotgun pleadings." *See S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788–89 (5th Cir. 1986) (discouraging the use of a "'shotgun approach' to pleadings . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick"), *abrogation on other grounds recognized by Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023–24 (5th Cir. 1995). "Shotgun pleadings" include those that "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Euramerica Gas & Oil Corp. v. Britlind Energy LLC*, No. 3:18-cv-0317, 2018 WL 11356913, at *1 (N.D. Tex. Apr. 20, 2018) (Lynn, C.J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). These complaints can be "problematic because they frustrate the purpose of notice pleading and impair a defendant's ability to respond to an asserted claim." *Id.* (citing *Martinez v. Nueces Cnty.*, No. 2:13-cv-178, 2013 WL 6190519, at *4 (S.D. Tex. Nov. 26, 2013) (Ramos, J.)).

After review, the Court agrees that paragraphs 11, 17, 20, 21, 22, and 23, which state the facts underlying the negligence, gross negligence, and negligence per se claims against "all defendants" are disfavored shotgun allegations. *See* (D.E. 26, p. 2) (referencing D.E. 15); *Euramerica Gas & Oil Corp.*, 2018 WL 11356913, at *1. Although Plaintiff's first amended complaint differentiates between *some* defendants on *some* claims (as opposed to Plaintiff's original petition), *compare* (D.E. 1-1) *with* (D.E. 15, p. 5–9), it is still unclear which negligence claims Plaintiff asserts against Bay, including which theories of negligence Plaintiff relies on to assert negligence claims against Bay. For the same reasons, the factual bases for those claims against Bay is also unclear.

At this case's initial pretrial conference, held on March 15, 2023, Plaintiff clarified that he was asserting a negligence claim against Bay based on the Bay's alleged failure to inspect and maintain. Plaintiff's response to Bay's motion to dismiss seeks to clarify this as well. *See* (D.E. 36, p. 10–12) (further detailing the negligence claim asserted against Bay). However, as explained above, this is unclear after a review of Plaintiff's first amended complaint. *See* (D.E. 15, p. 5–6); *see Staten v. City of Dallas*, No. 3:19-cv-843-L-BN, 2020 WL 1902573, at *6 (N.D. Tex. Jan. 17, 2020) (Horan, Mag. J.) ("A claim for relief must be made through a pleading . . . and a response to a motion is not among the pleadings that are allowed under the Federal Rules of Civil Procedure[.]") (cleaned up). Because Plaintiff's first amended complaint fails to differentiate between all defendants in asserting Plaintiff's negligence claims, it fails to state a claim against Bay upon which relief can be granted. *See Euramerica Gas & Oil Corp.*, 2018 WL 11356913, at *3. The Court need not discuss Bay's other arguments for dismissal.[3]

---

[3] While declining to address Bay's argument that Plaintiff uses the term "and/or" in some of its pleadings, the Court cautions Bay that "[a]t this stage of litigation, before any discovery has been conducted, Plaintiff[] cannot be expected to know the exact nature of the connections between the [d]efendants, and

## B. Leave to Amend

Plaintiff requests leave to amend should the Court find that Plaintiff's first amended complaint "is deficient in any area." (D.E. 33, p. 1). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). "Leave to amend should not be denied unless there is a substantial reason to do so." *Euramerica Gas & Oil Corp.*, 2018 WL 11356913, at *3 (citing *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998)).

Here, the Court finds there is no substantial reason to deny leave to amend and concludes that leave should be granted. In amending his complaint, Plaintiff should specify what claim(s) he asserts against Bay and the facts underlying those claims. Similarly, Plaintiff should avoid lumping defendants together in asserting Plaintiff's claims. However, to the extent that the same factual allegations underlie Plaintiff's claims against multiple defendants, Plaintiff is not required to repeat those factual allegations. *See Martinez*, 2013 WL 6190519, at *3 ("To require [p]laintiffs to recount the specific facts upon which each claim rests when stating that claim would require [p]laintiffs to repeat . . . pages of facts with respect to each claim. Such repetition would render the pleading unwieldly and would detract from, rather than add to, its clarity.").

---

[he does] not need to know it in order to meet the pleading standard." *Marc Ellman, MD., P.A. v. MDOffice LLC*, No. EP-21-CV-290, 2022 WL 980640, at *4 (W.D. Tex. Mar. 31, 2022) (Briones, J.).

## IV. Conclusion

For the reasons stated herein, the Court **GRANTS** Bay's motion to dismiss. (D.E. 26). Plaintiff may file a second amended complaint by **April 14, 2023**.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
   March 24th, 2023